Hitchcock, J.,
delivered the opinion of the court:
Numerous reasons have been assigned in this case, both in support of the motion for a new trial and of the motion in arrest of judgment, and some of them perhaps without much reflection. We will endeavor, however, to dispose of them in the order in which they are presented.
As to the first, the counsel for the .defendants having furnished mo argument, and having pointed out no particular variance, we are at a loss to conjecture wherein it is supposed to consist. It is true the bond declared on is not in the precise words with the one given in evidence, nor is it necessary that it should be. A variance to be fatal must be material. It-must be such as in some measure to change the sense. That is not the case here. Further, it is not necessary for the pleader to set forth an instrument verbatim. He may set it forth according to its legal effect, and it will be ^sufficient. Such appears to have been the •object in the case before the court, and that object has been in our •opinion effected. There is then no variance, legally speaking, between the bond declared upon and the one given in evidence, .and the court would have erred in excluding the latter from the jury.
The second, third,' and fourth reasons for a new trial are founded upon the supposition, not that the verdict is against evi *313 dence, but that there was not a sufficiency of evidence to sustain that verdict. Nothing more is necessary to dispose of this part ■of the case than to ascertain the issue joined between the parties. And it would seem that this is a question which had not been very fully considered by the counsel by whom the motion was made. It is an invariable rule that facts admitted by the pleadings need not, nay that they shall not be proved. -A jury will not be permitted to controvert such facts by their verdict. Again, it is a rule that facts alleged in pleading, and not denied, are admitted, .and it would be worse than useless to prove facts which were admitted. If, in the present ease, the defendants would have called in question the articles of agreement, they should have done it by an appropriate plea. Not haviug done so, they have admitted their existence as set forth in the scire facias. If they would have relied upon the performance of the conditions of the bond, they should have required oyer, and pleaded that performance. This would have put the plaintiff upon proof to show that these conditions had not been performed, or, rather, the defendants would have taken upon themselves the burden of proving performance. Not having pleaded in this manner, no proof was necessary on ■either side upon this subject. If they would have denied the existence of the record, it should have.been done by the plea of nul tiel record. Such a plea would have compelled the production of' the record, but without such plea such production was unnecessary. The defendants, however, did not think proper to rely upon any of these pleas. They tendered the plea of non est factum, upon which issue was joined. The only question, then, for the jury was to determine whether the bond was or was not the deed of the decedent, Robert G-uy. To sustain their action, nothing more was necessary for the plaintiffs, under *this issue, than to introduce the bond itself. This was done, and the jury very properly returned a verdict for the plaintiffs.
Was it necessary for the plaintiffs to introduce evidence of the amount of damages sustained? This iSjthe next question raised. In many cases it may be proper, nay, necessary, to show the amount of damages sustained in consequence of the breach of condition of a bond, in a suit upon that bond. Especially where, as according to our practice, the jury find the amount equitably due. But this is not an ordinary case. It is a proceeding under section 69 of the practice act of February 10, 1824. 22 Ohio L. 64. This *314 section, among other things, enacts, that “ if there be two or more plaintiffs or defendants, and one or more of them shall die, if the cause of action shall survive to the surviving plaintiff or plaintiffs, against the surviving defendant or defendants, the writ or action shall not thereby be abated, but such death being suggested upon the record, the action shall proceed at the suit of the surviving plaintiff or plaintiffs, against the surviving defendant or defendants; and after final judgment, the plaintiff may proceed, by scire facias, to make the representatives of the deceased defendant or defendants parties to said judgment and any judgment obtained,” etc. The original action, which is the foundation of the one before the court, was instituted in 1823, Robert Guy being then in full life. In that action he, together with others, was a defendant, and pleaded. During the pendency of the suit he died, but the cause of action survived and was prosecuted to final judgment against his co-defendants. That judgment was rendered in 1828, after a trial by jury and assessment of damages. To this judgment, so rendered, the defendants must be made parties, or they must be discharged in this action. No assessment of damages are necessary, because those damages have been already liquidated in the original action. Of course, the evidence referred to, had it been- offered, would have been irrelevant. It was unnecessary.
The sixth and last reason assigned for a new trial is, that the-court erred in rejecting the testimony offered by the defendants' under their notice.
This testimony would have' been proper in the defense of' *the original action. It was of matter which transpired-previous to the commencement of the suit. If we can form any opinion from the pleadings, these mattors must have been .passed upon and settled in the trial of that suit. True at the time of the-trial Robert Guy was not a party. He had previously deceased. He was a party, however, at the time of the plea pleaded, and at that time was equally interested with his co-defendants. Under these circumstances, it would seem to be doubtful how far it would be proper to go again into the examination of these matters in the-present case, especially when we take into consideration the before recited provision of the statute. But, let this be as it may,, the defendants have another difficulty to contend with.
Section 42 of the practice act, 29 Ohio L. 67, provides: “ That *315 it shall be lawful for the defendant in any action to plead the general issue, and give in evidence aDy special matter, which, if pleaded, would be a bar to such action, giving notice with the same plea of the matter or matters, so intended to be given in evidence.” This is no new provision in our statutes. It was introduced at a very early period, and has been continued until the-present time, without any material change. The object of all special pleading is, to arrive at the matter of fact or of law, litigated between the parties, divested of extrinsic circumstances. Special pleading, in its nature, tends to the advancement of justice. Although this is its legitimate effect, yet in consequence of the technicalities, by which it is surrounded, it is'sometimes perverted by a more artful to entrap a less skillful pleader. The intention of the legislature, by this provision of the statute, was-undoubtedly to supersede the necessity of this technicality. It could not have been designed to deprive either party of the same substantial notice that would have been given by a special plea. Understanding this to be the intention, the court, for many years, has held that a notice of special matter, to be given in evidence,, must contain all the substantial precision of a special plea, although divested of its technicality. In other words, that the matter of the notice must be such, that if embodied in a special plea,, that plea would be good upon general demurrer. And this we-understand to be the course of decision in other states where a similar *statute is in force. To decide otherwise, would enable a defendant to pervert a statute intended for the advancement of justice to the worst of purposes. It would enable him to-conceal his defense until the moment of trial, when it might, and probably would, be beyond the power of the plaintiff to meet it.
The notice, in the case before the court, clearly does not come within this rulo. It is general in its terms, and in no shape-specific. More peculiarly is it so in that part under which it was-claimed to introduce the evidence. That evidence, therefore, was • properly rejected.
From all these considerations we are satisfied that the defendants can take nothing by their motion for a new trial, but the-same must be overruled.
.Shall the judgment be arrested? The first reason assigned why it should be, is “ that the record shows such a suit or proceeding as is not authorized by ¡statute.” Tais scire facias was issued under- *316 .-section 69 of the practice act of February 18, 1824 (22 Ohio L. 64), before referred to and cited. The proceedings are in strict conformity with the provisions of that section of the law, both within the letter and spirit.
As to the second reason' in arrest, we have only to say that the scire facias does show that there “ was such a judgment” as is contemplated by the before-recited section 69 of the practice act, and if so it shows one to which the defendants “ought to be made parties.”
It does show that the record of that judgment is in the Supreme ■ Court of the county of Gallia, the court from which the scire fa- ■ cias issued; and it shows that this “judgment remained in full force and effect, in no way vacated, reversed, or annulled.”. Although there is no express allegation that the judgment is “ unpaid,” there is an equivalent allegation. And were it otherwise the exception, if it be of any validity, should have been taken at .an earlier stage of the proceedings. It would be no cause for arresting the judgment.
The next reason assigned for arresting the judgment is, that “ the issue made up is an immaterial issue, or rather no issue at all, and the finding of the jury is a nullity, upon which no judgment can be rendered.”
*If this be so, if there was no issue or an immaterial issue, or if the finding of the jury be a nullity there has been a mistrial, and the court would direct a new trial, order a repleader, or take such other steps as might be necessary to do right and justice between the parties. But let us examine. The scire facias .sets forth a bond, charging that the same was executed by Robert • Guy, the decedent. The defendants, by their plea, deny that Rob- . ert Guy executed this bond. Here is a fact alleged by one party .and denied by the other. And this I have always supposed constituted an issue. Is this a material issue? As to the proper answer to this question there can be no doubt. Suppose the jury had found that the bond was not the deed of Guy, would not the ■defendants have been discharged? And if the finding of the issue in their favor would have been thus material to them, is it not ■ equally material when found against them? If the issue be material, then the finding of the jury is not a nullity. And I apprehend the court will have no difficulty in rendering such a judgement as is contemplated by the statute.
*317 The fourth reason assigned is, “that the verdict finds nothing' but the negative of non est factum,” etc.
This was all that it was necessary to find. The jury having found this, have found all submitted to them by the issue. It would have been improper for them to have inquired as to the-“breach of any condition, covenant, or contract.” No such thing-was in controversy before them. Nor was it necessary that any “ damages ” should be assessed. These damages had been assessed in the original suit. Having found the “negative of non est factumf the law declares the consequence. And that consequence-is, the defendants shall be made parties in the judgment in that original suit.”
What those “other reasons, apparent upon the record” are, according to the fifth assignment, we are not informed. Upon examination of the record' we discover none; and as counsel have not pointed them out, it is, perhaps, but reasonable to conclude-that they do not, in fact, exist.
The exceptions in arrest are not well taken, and judgment will-, be entered on the verdict.